# NO. 12-11-00049-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRADLEY NEAL DURHAM,* *APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

Bradley Neal Durham appeals his convictions for robbery and burglary. Appellant's counsel has filed a brief asserting compliance with ***Anders v. California***, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967) and ***Gainous v. State***, 436 S.W.2d 137 (Tex. Crim. App. 1969). We dismiss the appeal.

### BACKGROUND

An Angelina County grand jury indicted Appellant for the felony offenses of robbery[1] and burglary.[2] As alleged, the offenses were a second degree felony and a state jail felony. The grand jury also alleged that Appellant had five prior felony convictions. Because of the way these prior felonies were alleged, the sentencing range of the robbery was enhanced to that of a first degree felony with a range of between twenty-five years to ninety-nine years in prison or life imprisonment, and the sentencing range of the burglary was enhanced to that of a second degree

---

[1] *See* TEX. PENAL CODE ANN. § 29.02 (West 2011).

[2] *See* TEX. PENAL CODE ANN. § 30.02 (West 2011).

1

felony.[3]  Appellant pleaded guilty as charged and pleaded true to the sentencing enhancement allegations.  The trial court found him guilty, found the enhancements to be true, and assessed sentences of imprisonment for thirty and twenty years, to be served concurrently.  This appeal followed.

## ANALYSIS PURSUANT TO *ANDERS V. CALIFORNIA*

Appellant's counsel has filed a brief in compliance with *Anders* and *Gainous*.  Counsel states that he has diligently reviewed the appellate record and that he is well acquainted with the facts of this case.   In compliance with *Anders*, *Gainous*, and *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978), counsel's brief presents a thorough chronological summary of the procedural history of the case and further states that counsel is unable to present any arguable issues for appeal.[4]  *See Anders*, 386 U.S. at 745, 87 S. Ct. at 1400; *see also Penson v. Ohio*, 488 U.S. 75, 80, 109 S. Ct. 346, 350, 102 L. Ed. 2d 300 (1988).

We have considered counsel's brief and have conducted our own independent review of the record.  We found no reversible error.  *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005).

## CONCLUSION

As required, Appellant's counsel has moved for leave to withdraw.  *See In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991).   We are in agreement with Appellant's counsel that the appeal is wholly frivolous.  Accordingly, his motion for leave to withdraw is hereby *granted*, and we *dismiss* this appeal.  *See In re Schulman*, 252 S.W.3d at 408-09 ("After the completion of these four steps, the court of appeals will either agree that the appeal is wholly frivolous, grant the attorney's motion to withdraw, and dismiss the appeal, or it will determine that there may be plausible grounds for appeal.").

Counsel has a duty to, within five days of the date of this opinion, send a copy of the opinion and judgment to Appellant and advise him of his right to file a petition for discretionary

---

[3] *See* TEX. PENAL CODE ANN. § 12.42(a)(2), (d) (West 2011).

[4] Counsel for Appellant states in his motion to withdraw that he provided Appellant with a copy of this brief. Appellant was given time to file his own brief in this cause. The time for filing such a brief has expired, and we have received no pro se brief.

review. *See* TEX. R. APP. P. 48.4; *In re Schulman*, 252 S.W.3d at 411 n.35. Should Appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or he must file a pro se petition for discretionary review. *See In re Schulman*, 252 S.W.3d at 408 n.22. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3.[5] Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4; *In re Schulman*, 252 S.W.3d at 408 n.22.

Opinion delivered August 17, 2011.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

---

[5] By rule, after September 1, 2011, petitions should be filed directly with the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3(a) (effective September 1, 2011).